1  WILLAM C. SAACKE, ESQ. (BAR NO. 178346)
   LAW OFFICES OF MCNULTY AND SAACKE
2  3562 HOWARD AVE., SUITE A
   LOS ALAMITOS, CA 90720
3  PHONE: (562) 598-0545      FAX: (562) 596-0545

4  ATTORNEYS FOR SAXON MORTGAGE SERVICES, INC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FUHR, | Case No. 08CV608-J (JMA) |
| Plaintiff, | DEFENDANT SAXON MORTGAGE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| AMERICA'S SERVICING COMPANY, SAXON MORTGAGE SERVICES, INC., FIRST AMERICAN LOANSTAR TRUSTEE, | |
| Defendants. | |
| | Judge: Hon. M. James Lorenz |
| | Date: July 28, 2008<br>Time: 10:30 a.m.<br>Room: 14 |

///
///
///
///
///
///

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff has brought this action appearing to allege a complaint for damages for violation of Fair Debt Collections Act, for violation of UCC 3-306, for violation of foreclosure proceedings below true market value, and violation of CC 2924.3 and 2924.3(d). However, none of these "claims" are supported by any facts sufficient to comprise a cause of action. Each "claim" consists of only one sentence, made as a conclusion, that ASC violated the above statutes by foreclosing upon Plaintiff's home. But there is no mention of how the foreclosure was a violation of any of the above mentioned statues. As such, the complaint fails to state any claim.

## II. A MOTION TO DISMISS IS PROPER WHEN PLAINTIFF HAS FAILED TO PLEAD A CLAIM UNDER WHICH RELIEF MAY BE GRANTED.

Federal Rule of Civil Procedure ("FRCP"), Rule 12(b) provides, in pertinent part,

> "the following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted."

A complaint can be attacked at any time on the ground that it fails to state a claim for relief. FRCP, Rule 12(g)(h). A Rule 12(b)(6) motion is similar to the common law general demurrer because it "tests the legal sufficiency of the claim or claims stated in the complaint." Conley v. Gibson, 355 US 41, 45-46 (1957). The Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Id. See also, De La Cruz v. Tormey 582 F2d 45, 48 (9th Cir.1978).

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to

2

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S
MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR
DEFINITE STATEMENT                                    08CV608-J (JMA)

1. the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mut. Ins. Co., 80 F3d 336, 337-338 (9th Cir. 1996).

In the instant case, as set forth in more detail herein, Plaintiff cannot state a claim for any cause of action as the complaint fails to allege any specifics or facts to support a cause of action.

### III. PLAINTIFF CANNOT STATE A CLAIM FOR ANY CAUSE OF ACTION.

As to the claims asserted by Plaintiff, they simply lack any facts or sufficient legal theory or factual basis to be adjudged sufficient to state a cause of action. All Plaintiff alleges is the one conclusory sentence that the various statutes were violated by the foreclosure of Plaintiff's home. FRCP 8 provides in part:

> **(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ...(2) a short and plain statement of the claim showing that the pleader is entitled to relief, ...

Here, there is no short or plain statement of the claim showing that Plaintiff is entitled to any relief. Plaintiff fails to allege how the foreclosure that occurred violated any law or comprises any cause of action. The only pleading are conclusory allegations of violation.

In addition, the court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. Transphase Systems, Inc. v. Southern Calif. Edison Co. (CD CA 1993) 839 F.Supp. 711, 718 (quoting text); Beliveau v. Caras (CD CA 1995) 873 F.Supp. 1393, 1395–1396 (citing text). As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Aulson v. Blanchard (1st Cir. 1996) 83 F3d 1, 3. In each of the numerated sentences, there is no mention whatsoever of what ASC did to allegedly violate the Fair Debt Collections Act, UCC 3-306 or Civil Code

3

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S
MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR
DEFINITE STATEMENT                                       08CV608-J (JMA)

2426.3. Simply put, the assertion of wrongful conduct based upon violation of any statute is conclusory, without any explanation, and in violation of FRCP 8(a) and thus, fails to state a claim for which relief can be granted.

## IV. A MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED.

As an alternative to ASC's motion to dismiss, it seeks an order for a more definite statement requiring Plaintiff to replead his complaint sufficiently so that ASC can ascertain the nature and quality of Plaintiff's claims.

A Rule 12(e) motion for more definite statement is proper when the complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading. A complaint may state a claim for relief, but may still be so vague and ambiguous as to require that plaintiff provide a more definite statement. A Rule 12(e) motion is also appropriate where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. In such cases, defendant cannot reasonably be expected to frame a proper response. See <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u> (ED CA 1981) 525 F.Supp. 940, 949; <u>Cellars v. Pacific Coast Packaging, Inc</u>. (ND CA 1999) 189 FRD 575, 578.

As set forth above, Plaintiff has not pleaded the requisite elements for any cause of action. Further, the allegations that Plaintiff has made are vague, ambiguous and simply insufficient. ASC cannot possibly respond to the complaint as drafted.

///
///
///
///
///
///

4

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S
MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR
DEFINITE STATEMENT                                          08CV608-J (JMA)

## V. **CONCLUSION.**

In light of the foregoing, plaintiff's complaint must be dismissed or in the alternative, an order for a more definite statement requiring Plaintiff to replead his complaint must be made.

Dated: June 23, 2008           By:     s/William C. Saacke
                                       _____
                                       William C. Saacke, Esq.
                                       Attorneys for Defendant,
                                       SAXON MORTGAGE SERVICES, INC.
                                       E-mail: skee@mcsaackelaw.com

5

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S
MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR
DEFINITE STATEMENT                                      08CV608-J (JMA)

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3562 Howard Ave., Suite A, Los Alamitos, California, 90720.

On June 23, 2008, I served the foregoing document described as **DEFENDANT SAXON MORTGAGE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>Plaintiff</u>
Thomas Fuhr, PRO SE
3620 Utah Street
San Diego, CA 92104

<u>Defendant America's Servicing Company</u>
Laura J. Petrie
Barry, Gardner & Kincannon
A Professional Corporation
5000 Birch Street, Suite 420
Newport Beach, CA 92660

[X]  (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Alamitos, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.

[X]  (FEDERAL) I declare that I am a member of the bar of this court.

Executed on June 23, 2008, at Los Alamitos, California.

s/William C. Saacke
_____
William C. Saacke

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S
MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR
DEFINITE STATEMENT                                                08CV608-J (JMA)