UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FUHR,<br><br>            Plaintiff,<br><br>v.<br><br>AMERICA'S SERVICING COMPANY, *et al.*,<br><br>            Defendants. | Civil No. 08cv608 L (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [doc. #5, 11]** |

Defendants America's Servicing Company and Saxon Mortgage Services, Inc.[1] have each filed motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or in the alternative, for a more definite statement. Although plaintiff, who is appearing *pro se*, was advised that his opposition to the motions was due no later than July 14, 2008, he has not responded to either motion. Plaintiff was also advised that Civil Local Rule 7.1.f.3 provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Notwithstanding the Local Rule, the Court will review defendants' motions on the merits.

---

[1] Defendant First American Loanstar Trustee ("First American") was not served with the Complaint. As a result, the Court will dismiss First American from the action.

**Background**

Plaintiff brings this action alleging violations of the Fair Debt Collections Act; UCC 3-306; foreclosure proceedings; and CC 2924.3 and 2924.3(d). Plaintiff's allegations appear to be based upon the foreclosure of plaintiff's home. The Complaint lists various legal citations but it is devoid of factual allegations that would support any of these claims.

**Motion to Dismiss for Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.' " *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-1965. Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

As noted above, the complaint here fails to provide any facts to support the claims plaintiff has listed. In the absence of any facts associated with any of plaintiff's claims, the

Court must dismiss without prejudice plaintiff's complaint.

Defendants also seek a more definite statement contending plaintiff has failed to meet the minimal pleading standard of Federal Rule of Civil Procedure 8. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Rule 12(e) motion for a more definite statement must be considered in light of Federal Rule of Civil Procedure 8's liberal pleading standards in federal court. *See, e.g., Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Under Rule 8, complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991); *see also Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). A "[p]leading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, and it must not be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE (2d ed.) § 1376. When the factual detail is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8, dismissal is proper.

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Rule 41(b). Rule 8; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the

complaint is wholly without merit." *McHenry,* 84 F.3d at 1179.

As defendants properly note, plaintiff provides no factual allegations and defendants therefore do not have notice of the claims against them. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8). To obtain compensation for the legal claims plaintiff lists, he must articulate viable, legally recognized claims supported by some factual allegations against the defendants. Because of this failure to provide notice of his claims to defendants, the Court will dismiss the complaint based on Rule 8 and deny without prejudice as moot, defendants' alternative motion for a more definitely statement. If plaintiff intends to file an amended complaint, he must meet the pleading standard of Rule 8.

### Conclusion

Based on the foregoing, defendants' motions to dismiss are **GRANTED WITHOUT PREJUDICE** and their alternative motions for more definite statement are **DENIED AS MOOT**. Plaintiff is granted leave to file an amended complaint not later than August 18, 2008, that meet the requirements of Federal Rule of Civil Procedure 8. Failure to file an amended complaint within the time provided shall result in the closure of this case without further notice to plaintiff.

**IT IS SO ORDERED.**

DATED: July 25, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28